**COMMONWEALTH of Kentucky, Appellant,**

v.

**Ronald Luke WALLACE, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1972.

Ed W. Hancock, Atty. Gen., John C. Ryan, Sp. Asst. Atty. Gen., Frankfort, for appellant.

J. Calvin Aker, Somerset, for appellee.

EDWARD P. HILL, Jr., Justice.

By this appeal the Commonwealth of Kentucky seeks a certification of the law.

The appellee was, by separate indictments, charged with knowingly receiving stolen property (KRS 433.290) and breaking into and entering the storehouse of another (KRS 433.190). The Commonwealth elected to and tried the appellee under the indictment charging that he knowingly received stolen property.

At the conclusion of the Commonwealth's evidence, the trial judge directed a verdict of acquittal on the belief that the evidence tended to show that the appellee actually broke into the store building and stole the property involved. The trial court was of the opinion that the appellee was tried under the wrong indictment.

■ The Commonwealth takes the position on this appeal that the appellee was properly tried under the proper indictment and that the evidence was sufficient to prove the crime of knowingly receiving stolen property, and we agree.

The statute (KRS 433.290) specifically states that "the possession by any person of any stolen property shall be prima facie evidence of his guilt under this section."

We conclude that the trial court was in error in directing a verdict of acquittal.

■ We have certified the law in this case conscious of the fact in so doing that the verdict and judgment of acquittal cannot be disturbed in felony cases. Commonwealth v. Mullins, Ky., 405 S.W.2d 28 (1966), and Commonwealth v. Allen, Ky., 441 S.W.2d 424 (1969). It is only in misdemeanor cases where the punishment is by fine alone that the Commonwealth may have the law certified and a reversal for a new trial. KRS 21.140(3) and Commonwealth v. Devine, Ky., 396 S.W.2d 60 (1965).

Wherefore the law in the instant case is so certified.

All concur.