Dorris WAHL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1972.

David Deep, King, Deep, Branaman, Hunt & Sheffer, J. Ron Daniels, West, Markwell & Bryant, Henderson, for appellant.

John B. Breckinridge, Atty. Gen., John C. Ryan, Sp. Asst. Atty. Gen., Frankfort, B. C. Cubbage, Jr., Commonwealth Atty., Henderson, for appellee.

GARDNER, Commissioner.

Dorris Truman Wahl was convicted the third time of a felony and sentenced to life imprisonment under what is often referred

to as the Habitual Criminal Act. KRS 431.190.

In October 1970 the house of Mrs. Goldie Allin was forcibly entered and several items taken. Mrs. Allin was not living in the house at the time. There was nothing at the scene of the crime to indicate who the culprit was. Subsequently one of the items, a small vase, was identified by a friend of Mrs. Allin at a flea market in Evansville, Indiana. This discovery was related to Mrs. Allin who in turn passed the information on to the sheriff's department. The sheriff contacted the antique dealer who reported he had purchased the vase with other items from Dorris Wahl for $40. The antique dealer added that he had purchased other items from Wahl in the past and the ownership of the goods was never questioned by anyone. Wahl never denied having possession of some of the stolen goods nor that he sold them to the antique dealer. He insisted that he purchased the goods at his place of residence from an unknown person, whom he described as "gypsy-like," for $50.

Wahl's first assigned error is that he should have been granted a continuance because of the absence of a material witness. According to Wahl, he discovered the day before the trial that Bobby Mattingly was out of the state and that the sheriff could not summon him as a witness. Wahl insisted that Mattingly was a disinterested witness who would establish an alibi for him. The avowal as to what the absent witness would testify is as follows: "That he, Bobby Mattingly was in the presence of the defendant, Dorris Wahl, on the day in question, October 11, 1970, and spent the day and evening in the presence of said defendant and further did not leave the presence of the said defendant until the morning of October 12, 1970." It is noted that the avowal, even if true, would not establish an alibi. It merely states that Wahl was with Mattingly during the time of the robbery but doesn't say where Mattingly was at the time. The avowal does not ne-

gate the possibility that the two were together at the scene of the crime when it was perpetrated.

In addition, it is pointed out by the Commonwealth that the affidavit for a continuance did not state that due diligence had been exercised to obtain the presence of the witness nor the affiant's belief of the truth of the statements contained in the affidavit, as required by RCr 9.04 which provides:

"The court, upon motion and sufficient cause shown by either party, may grant a postponement of the hearing or trial. A motion by the defendant for a postponement on account of the absence of evidence may be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it. If the motion is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, and that the affiant believes them to be true. If the attorney for the Commonwealth consents to the reading of the affidavit on the hearing or trial as the deposition of the absent witness, the hearing or trial shall not be postponed on account of his absence."

■ In view of the fact that the affidavit itself, even if true, does not tend to establish an alibi, and in the absence of an assertion in the affidavit that affiant believed the facts to be true and that due diligence had been employed to have the witness present, we do not believe the court abused its discretion in refusing a continuance. McFarland v. Commonwealth, Ky., 473 S.W.2d 121 (1971).

■ Wahl's second assigned error is that there was insufficient evidence to warrant submission of the case to the jury. He says that the only evidence connecting him with the crime was his having had possession of the goods. It is well established that where

there is evidence of a breaking and entering of a dwelling and property taken therefrom, and the property is found in the possession of the accused, such showing makes a submissible jury case. It is stated in Owen v. Commonwealth, 181 Ky. 257, 204 S.W. 162, page 164 (1918): "It is a fundamental doctrine of the criminal law that possession of stolen goods makes at least a prima facie case of the guilt of the one in possession, and casts the burden upon him to explain his possession consistent with his innocence." Cf. Rains v. Commonwealth, 293 Ky. 429, 169 S.W.2d 41 (1943); Wilson v. Commonwealth, 303 Ky. 219, 197 S.W.2d 240 (1946); Conover v. Commonwealth, Ky., 473 S.W.2d 825 (1971).

■ Where a prima facie case has been established, the case should be submitted to the jury unless the defendant is able to produce evidence substantiating his innocence so conclusively that he has overcome the presumption of guilt as a matter of law. Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125 (1944). We do not find such overwhelming evidence in this case. Wahl attempted to show that his statement of having purchased the items from a passerby was quite probable. He points out that there was substantial evidence supporting his statement that frequently traders came through the area selling their wares to local residents. Wahl attempted to prove by several witnesses that he could not have stolen the goods because he was at some other place at the time. The evidence for Wahl was sufficient to justify an acquittal by the jury if the jury believed the evidence was true, but the evidence was not so conclusive as to require a finding as a matter of law that the evidence overcame the presumption established by possession of the stolen goods. See Matherly v. Commonwealth, Ky., 436 S.W.2d 793 (1968). Of course, under proper instruction, the determination as to whether an accused is guilty is for the jury and that determination must be based upon a jury's belief from the evidence that he is guilty beyond a reasonable doubt. RCr 9.56. Proper instructions in the present case were presented to the jury.

■ Wahl further argues that evidence of five prior convictions undoubtedly prejudiced him in the minds of the jury so that the jury found him guilty of the primary charge, not from the evidence adduced but from his having been found guilty of five other crimes. In this connection he points to the Commonwealth's attorney's summation where he stated, * * * he is a five-time felon. He is a hardened criminal. He has broken and entered before." Regardless of the effect the evidence of prior convictions might have had on the jury in deciding whether Wahl was guilty of the primary charge, such procedure is clearly permitted by KRS 431.190 and has been upheld consistently by this court. Hampton v. Whaley, 313 Ky. 611, 233 S.W.2d 273 (1950); Murray v. Commonwealth, Ky., 474 S.W.2d 359 (1971); McHenry v. Commonwealth, Ky., 490 S.W.2d 766 (decided November 3, 1972). And since the evidence was properly admitted, the Commonwealth's attorney was within his prerogative in commenting on it.

The judgment is affirmed.

STEINFELD, C. J., and HILL, MILLIKEN, NEIKIRK, OSBORNE and REED, JJ., concur.

PALMORE, J., not sitting.