**Reike L. SHANNON, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

Jan. 10, 1978.

As Modified On Denial of Rehearing
Feb. 21, 1978.

Jack E. Farley, Public Defender, M. Marie Allison, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

On January 24, 1977, appellant was indicted by the McCracken County Grand Jury for two offenses of murder committed during the course of a burglary in the first degree (KRS 507.020(2)(b)) and one offense of murder by intentional acts which resulted in multiple deaths (KRS 507.020(2)(e)). On the same day that the indictment was returned, the Commonwealth's Attorney filed a written election (KRS 532.030(1)) to prosecute the appellant for the capital offense of murder. At his arraignment on January 27, 1977, the appellant was represented by counsel and he entered a plea of not guilty. On February 22, 1977, after plea bargaining, the Commonwealth's Attorney moved to amend the indictment from charging two capital offenses to charging two noncapital offenses and to

dismiss the third charge. On the same day appellant sought to withdraw his not guilty plea and to enter a plea of guilty. The trial judge, thereupon, interrogated both the appellant and his counsel relative to this action, after which the plea of guilty was received by the court, and the appellant was found guilty of the two offenses of noncapital murder. The entry of judgment was postponed pending a presentence investigation and report (KRS 532.050). On February 28, 1977, six days after the court received appellant's guilty plea, he was returned into court and judgment pronounced. The court sentenced him to life imprisonment on each of the two offenses, with the condition that the sentences run consecutively.

On March 8, 1977, a notice of appeal was filed wherein appellant stated, "The sole question to be decided is whether the sentences were to be Concurrently as the defendant believes to be the law or as was the recommendation of the Commonwealth Attorney and the sentence of the Court." Appellant attempts to present three issues, as follows:

"I. Were appellant's guilty pleas invalid?

II. Should the appellant's case be vacated because the trial court failed to follow the sentencing procedures of KRS 532.050?

III. Was it erroneous for the trial court to order appellant's sentences to run consecutively?"

■ Appellant argues that his guilty plea was invalid because it was not entered knowingly, intelligently and voluntarily. The record does not disclose that this contention was ever brought to the attention of the trial judge so as to afford him an opportunity to make a determination of whether the guilty plea was entered knowingly, intelligently and voluntarily. The issue being raised for the first time on appeal and no justification having been shown for it not having been sooner presented, it comes too late for appellate review. *Dalton v. Commonwealth*, Ky., 478 S.W.2d 734 (1972).

■ Counsel for appellant vigorously argues that he was not sentenced in the manner required by KRS 532.050. His only attack is that,

"The record in the instant case contains absolutely no mention of the trial judge's informing Appellant or his counsel of the contents of the presentence report or of Appellant's requesting or failing to request time within which to controvert the data contained in the report. * * *"

On February 22, 1977, the trial judge entered an order which, among other things, provided that "* * * the Division of Probation and Parole is hereby ordered to prepare a written report of its presentence investigation of the defendant." The final judgment which was entered on February 28, 1977, contains the statement "* * * and the Court having given due consideration to the written report of the presentence investigation prepared by the Division of Probation and Parole, and to the nature and circumstances of the crime, and the history, character, and condition of the defendant." The Office of the Attorney General, on November 10, 1977, moved this court to supplement the record of the trial court with a copy of an order which was entered in the McCracken Circuit Court on November 9, 1977, which provides:

"and the Court having advised the defendant and his counsel of the factual contents and conclusions of the pre-sentence investigation report and having given the defendant and his counsel a fair opportunity and reasonable period of time within which to controvert the same, and such offer being declined, * * *"

Certification is made that a copy of this motion was mailed to counsel for appellant on the day it was filed, which was November 10, 1977. However, no response to the motion has been filed by counsel for appellant. By order of December 6, 1977, this court granted the motion.

It is fair to say that counsel for appellant seems to be grasping at straws and that this straw has given way to the weight of the true facts. The record reflects that the

appellant was sentenced in the manner as required by KRS 532.050.

■ Appellant states that, "It was erroneous for the trial court to order appellant's sentence to run consecutively." The soundness of this argument is tacitly admitted by counsel for appellee, and well it should be. KRS 532.110(1)(c) provides:

"The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.-080 for the highest class of crime for which any of the sentences is imposed."

KRS 532.080(6)(a) limits the sentence to no more than life. Consequently, the sentence of life imprisonment for each of the two murders, with provision that the sentences run consecutively, is not authorized.

The comments under section 3460 of the final draft (1971) of the Kentucky Penal Code, dealing with concurrent and consecutive terms of imprisonment, suggests as follows:

"* * * The third exception, provided in Subsection (1)(c), places an upper limit on the maximum term of imprisonment that can be imposed through consecutive indeterminate terms. This subsection establishes a maximum for accumulated indeterminate terms that is equivalent to the maximum term that can be imposed on a persistent felony offender under Section 3445. For example, if an offender stands convicted of three offenses, the greatest of which is a Class B felony, his consecutive sentences when accumulated could equal an indeterminate term which has a maximum of life imprisonment. But, if the greatest of his offenses is a Class C felony, his consecutive sentences when accumulated could equal an indeterminate term having a maximum of no more than twenty years."

■ We hasten to add, however, that regardless of the number of life sentences that appellant was ordered to serve consecutively, the legislature has provided otherwise. Appellant has not been prejudiced by the challenged order. We notice, however,

that this matter was not presented to the trial court for its consideration. It, therefore, has not been preserved for appellate review.

The judgment is affirmed.

All concur.