Jack .Preston HODGES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Jack Preston HODGES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 6, 1981.

Rehearing Denied March 27, 1981.

Discretionary Review Denied May 19, 1981.

Jack Farley, Public Advocate, Frankfort, for appellant; Allen W. Holbrook, Morehead, of counsel.

Steven L. Beshear, Atty. Gen., Frankfort, E. E. Blackford, Sam E. Isaacs, II, Asst. Attys. Gen., Frankfort, for appellee.

Before HAYES, C. J., and GANT and WHITE, JJ.

GANT, Judge.

Appellant, a deputy sheriff in Warren County, was convicted in Franklin Circuit Court of ten counts of theft by deception, KRS 514.040, nine of which convictions were for felonies and one for a misdemeanor. His sentence was fixed at one year on each felony and one month on the misdemeanor, all to be served concurrently, appellant being placed on probation and ordered to make restitution of $2,088.67.

The convictions were the result of a series of expense claims which appellant filled out or caused to be filled out, which claims were filed with the Kentucky Department of Finance in Frankfort, these claims being for mileage and expenses for the transportation of prisoners pursuant to KRS 64.070 and KRS 440.090, and regulations thereunder. The trips were both interstate and intrastate. On the out-of-state trips, the appellant, on each claim, would list himself as the conveying officer and another deputy as guard, sign the claim for himself and either sign the name of the other deputy or procure that signature. When these claims were received in Frankfort, they were processed by the Department of Finance, then sent to the Treasury, where checks were issued in the name of the officers listed on the claims. Upon receipt of the checks in Warren County, appellant would either sign the name of the listed guard or use some ruse to obtain the signature of that guard. Each of the guards testified that he did not accompany the appellant on the trip for which the check was issued.

The intrastate trips comprised three counts, the evidence of the Commonwealth being that several trips listed on the claims filed by the sheriff's office for conveying prisoners were for trips not made at all or not made by the listed officer.

Appellant's defense was that, although the deputy whose name was listed on the claims did not accompany him on these out-of-state trips, he was, in fact, accompanied by another deputy, one C. J. Womack. Ms. Womack was a female officer of the department, appellant testifying that the reason for not listing her name on trips to California, Florida and North Carolina was that she was "an undercover agent" and that he did not want that fact exposed to the other deputies. He also admitted, under questioning, that he did not think his wife would approve. Appellant and Ms. Womack testified that he had paid her the sums received for the other guards, although she had made a prior inconsistent statement, even denying several of the trips. One of the trips was made by the appellant and his wife, who had been on a trip to Philadelphia and had stopped by Fayetteville, North Carolina to return a prisoner, appellant listing another deputy as guard. Thus, argues the appellant, the Commonwealth suffered no loss, as it paid for a conveying officer and a guard and received both, although the guard was not the one named in the checks and claims.

The first threshold is the question of venue, which is raised for the first time on appeal. Appellant contends that venue was exclusively in Warren County, as it was in that county where the checks were received and cashed, and thus the theft, if any, occurred in Warren County. The Commonwealth argues that the error was waived under the provisions of KRS 452.650, which reads:

> Waiver of venue. The venue of the prosecution may be waived by the defendant and the failure to make a timely motion to transfer the prosecution to the proper county shall be deemed a waiver of the venue of the prosecution.

No motion for transfer of prosecution was made herein. Under the common law, a plea of not guilty constituted an objection to venue, but this was changed by statutory law, as above set out. However, there is an exception to this waiver provision. The instructions in this case required the jury to find that the offense charged occurred in Franklin County. The case of *Chancellor v. Commonwealth*, Ky., 438 S.W.2d 783, 784 (1969), is dispositive:

> In particular, when the instructions specifically require a finding that the offense was committed in the county of prosecution, as they did in this ... case, the Commonwealth is not in a position to contend that the jury was not bound by the instructions. What we have in this instance ... is the simple question of whether venue was proved in accordance with the instructions.

With the issue of venue squarely before us, it is our opinion that KRS 452.550 is controlling, which reads:

> Offense partly in one county and partly in another.
> Where an offense is committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the prosecution may be in either county in which any of such acts occurs.

The expense claims were filled out and mailed in Warren County; received, relied upon, processed and checks issued and mailed in Franklin County; checks received, cashed and diverted to persons other than the payee in Warren County. In those instances where the issuance of checks based upon misrepresentation is made in Franklin County but delivered and cashed in another county, KRS 452.550 applies and venue lies in either county. Omission of reference in the instructions herein to Warren County was not fatal, but, if anything, this omission was more favorable to the appellant.

Appellant next urges that the lower court erred in failing to instruct the jury under KRS 514.020(1)(b) which provides a defense to theft if the actor "[a]cted under

a claim of right to the property or service involved or a claim that he had a right to acquire or dispose of it as he did . . . " This contention is rooted in appellant's theory of defense, viz., that there was an accompanying guard, albeit not the one named in the claim and the one to whom the check was made. However, there was no evidence that this appellant had any personal right to claim the proceeds procured by the false representations, nor any right to dispose of these proceeds. KRS 64.070 and other applicable statutes, as then in effect, clearly made the right to reimbursement personal to the guard employed for prisoner transportation, and those statutes require the identity of that person. This defense was simply not available to the appellant under the circumstances herein.

■ Appellant next argues that he was entitled to a directed verdict on the claims covering trips within the state. The evidence showed that appellant filled out the expense claims or that they were filled out on information furnished by him. It further disclosed that the trips included in the last three counts of the indictment were not, in fact, made by the persons whose names appeared, or made at all, but checks were mailed and cashed for those trips and placed in the account of the sheriff's department for disposition to the named officers. The evidence herein was sufficient to submit the issue to the jury.

We further find that the appeal from the order of the Franklin Circuit Court overruling appellant's motion for a new trial is without merit.

The judgment is affirmed.

All concur.