Bruce Raymond SUTTON, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

Oct. 13, 1981.

As Corrected Nov. 3, 1981.

Rehearing Denied Dec. 15, 1981.

Jack Emory Farley, Public Advocate, J. Vincent Aprile II, Asst. Deputy Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., Christopher W. Johnson, Asst. Atty. Gen., Frankfort, for respondent.

PALMORE, Chief Justice.

The question in this case is whether one who steals property can be convicted of knowingly retaining the stolen goods under KRS 514.110(1). We agree with the Court of Appeals that he can. It may be that in enacting KRS 514.110 the legislature did not actually intend to change the prevailing construction under the former statute on receiving stolen property, KRS 433.290, to the effect that the thief himself cannot be guilty, cf. *Mercer v. Commonwealth*, Ky., 330 S.W.2d 734, 737 (1960),* but we think the plain words of the new statute must prevail. KRS 433.290 applied to a person "who receives any stolen property . . . knowing it to be stolen," etc. KRS 514.-110(1) applies to a person who "receives, retains or disposes of movable property of another knowing that it has been stolen." Literally, it covers the thief who retains or disposes of property he has stolen himself.

The facts of this case illustrate the wisdom of so construing the law. Sutton was apprehended in Edmonson County with various items of property he had stolen in three other counties. To hold that he could be prosecuted only in the other three counties would result in a great deal of unnecessary expense, inconvenience and waste of time to reach the same end. While it is generally true that a defendant has the right to be tried in the vicinage of the crime, we do not know of any reason why the legislature may not declare it a separate crime for one who has stolen property to retain it in his possession (in which event the place of the possession is the place of the crime) or to dispose of it to one who is not its rightful owner.

Our conclusion is that one who steals property and is later found to be in posses-

sion of it may be convicted both of the theft itself (in the county in which it was committed) and the retention (in the county in which he is proved to have been in possession of the stolen goods).

It was error for the trial court to direct a verdict dismissing the charges against Sutton.

The law is so certified.

CLAYTON, LUKOWSKY, STEPHENSON, and STERNBERG, JJ., concur.

STEPHENS, J., did not sit.

---

* See, however, *Commonwealth v. Wallace*, Ky., 486 S.W.2d 61 (1972), in which the court seems to have misapprehended the effect of the evidentiary presumption arising from possession.