**Randy SEBASTIAN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Oct. 13, 1981.

---

Jack E. Farley, Public Advocate, Timothy T. Riddell, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

Randy Sebastian appeals from a judgment sentencing him to an aggregate of 30 years in prison pursuant to a verdict finding him guilty of 1st-degree burglary (KRS 511.020), receiving stolen property worth more than $100 (KRS 514.110), and two 2d-degree robberies (KRS 515.030). He claims that the trial court erred in denying his motion to sever the burglary and receiving stolen property counts from the robbery counts and in permitting him to be convicted of both burglary and of receiving property stolen by him in the course of the burglary.

We shall dispose of the latter contention first. It is conceded that one may be convicted of both burglary and theft of property taken in the course of the burglary. We have held also that one may be convicted of the theft and retaining possession of the stolen property. *Sutton v. Commonwealth*, Ky., 623 S.W.2d 879 (decided today). By parity of reasoning, it follows that a person can be convicted of both burglary and retaining possession of property stolen by him in the course of the burglary. In this connection, it should be observed that although KRS 514.110 bears the title, "Receiving stolen property," it includes the retention or disposition of stolen property as well.

The trial court did, however, commit reversible error in denying Sebastian's motion for a severance of the unrelated counts, and for that reason we must direct a new trial.

RCr 6.18 provides that two or more offenses may be joined if they are of similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan. Otherwise there is no authority for a joinder. RCr 9.16, which requires a showing of prejudice, applies only when the requirements of RCr 6.18 are satisfied—that is, when technically a joinder is proper but as a matter of fact will be prejudicial. In this case there was no connection whatever between the burglary and retention of the stolen property and the two robbery offenses. Hence there was no authority for the joinder, either in the indictment or for purposes of trial.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.