Michael **PHILLIPS**, Appellant,

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Supreme Court of Kentucky.

Nov. 15, 1984.

Mark A. Posnansky, Louisville, for appellant.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant, Michael Phillips, was convicted in the Pike Circuit Court of second-degree burglary, receiving stolen property over $100, and first-degree rape. After a finding that Phillips was a first-degree persistent felon, his sentence was enhanced to 40 years' imprisonment. Phillips appeals from the judgment of the Pike Circuit Court as a matter of right. We affirm.

On or about August 7, 1982, some person(s) entered Patricia Elswick's apartment, without permission, and stole a 19-inch General Electric television set. On August 7, 1982, Phillips attempted to sell the stolen set to one Verna Slone. When Ms. Slone declined to buy the television, Phillips struck her and, then, forcibly raped her. At trial, Phillips admitted that he had attempted to sell the stolen set to Ms. Slone, but claimed that he had purchased the television from an unknown individual for fifty dollars. Phillips also admitted to having sexual intercourse with Ms. Slone, but claimed that he had done so with her consent. Other facts will be discussed as they relate to particular arguments raised in this appeal.

Phillips first argues that his convictions for both burglary and receiving stolen property violated his right against double jeopardy, as guaranteed by the Fifth Amendment to the United States Constitution and Section 13 of the Kentucky Constitution. Although Phillips did not raise this argument at the trial level, we will consider his double jeopardy claim on appeal. *Sherley v. Commonwealth,* Ky., 558 S.W.2d 615 (1977).

Phillips contends that, because the intent to commit the theft was an element of burglary, the act of taking the property was culminated when the burglary was culminated. Based upon this reasoning, he argues that his act of receiving stolen property merged with the burglary. We disagree. It is clear that two distinct offenses occurred here. The burglary was completed when Phillips entered the apartment with the intent to commit a crime inside. Even if he had then and there abandoned his activity, he would be guilty of burglary. KRS 511.020-.040. The fact that he stole the television set after he entered the apartment constituted a completely separate offense—theft or receiving stolen property. Based upon the proof available, the Commonwealth chose to prosecute Phillips on the charge of receiving stolen property. This court upheld a similar prosecution for both burglary and receiving stolen property in *Sebastian v. Commonwealth,* Ky., 623 S.W.2d 880 (1981), wherein we stated:

It is conceded that one may be convicted of both burglary and theft of property taken in the course of the burglary. We have held also that one may be convicted of the theft and retaining possession of the stolen property. *Sutton v. Commonwealth,* Ky., 623 S.W.2d 879 (decided today). By parity of reasoning, it follows that a person can be convicted of both burglary and retaining possession of property stolen by him in the course of the burglary.

*Id.* at 881.

As part of his double jeopardy argument, Phillips asks this court to re-examine our holding in *Sebastian* in light of our recent decision in *Jackson v. Commonwealth,* Ky., 670 S.W.2d 828 (1984). In *Jackson,* we overruled that portion of the *Sutton* decision which allowed prosecution for both theft and knowingly receiving the same stolen article. The simple result of *Jackson* is that the Commonwealth must choose between theft and receiving stolen property where a person could be charged with either offense based upon his unlawful acquisition of a certain item(s) of property. In the case at bar, the Commonwealth could have charged Phillips with either the theft of the television set or the unlawful receipt of the television, in addition to the

burglary charge. The Commonwealth chose to charge him with the burglary and receiving stolen property. This comports with our decisions in *Sebastian* and *Jackson*, when read together. There was no double jeopardy violation.

■ Phillips next argues that the trial court erred by allowing the jury to find him guilty of receiving stolen property in addition to his conviction for burglary, because these offenses are legally inconsistent and inherently contradictory. However, Phillips failed to preserve this claimed error for appellate review because he did not object to the giving of the instruction on receiving stolen property at trial. RCr 9.54(2).

■ Phillips' third argument is that he was deprived of due process because the evidence was legally insufficient to convict him of burglary. He claims that there was no evidence which put him at the scene of the burglary. This is not entirely accurate. At the time of the burglary, Patricia Elswick lived in Walnut Apartment Number Four, High Street, Pikeville, Kentucky. On August 7, 1982, Phillips took the television set to Verna Slone's apartment, which was Walnut Apartment, Number Two. Therefore, the Commonwealth placed Phillips in the apartment next to Elswick's apartment at or around the time of the burglary. In addition, the Commonwealth made a prima facie case of burglary against Phillips by showing that he was in possession of property that had recently been stolen during a burglary. *Wahl v. Commonwealth*, Ky., 490 S.W.2d 769 (1972). The burglary charge was properly submitted to the jury and it was within their province to disbelieve Phillips' story about purchasing the set from an unknown individual.

■ Phillips next argues that he was deprived of due process because the evidence was legally insufficient to prove that the value of the television set was over $100. We would first point out that the owner of property may give his opinion as to the value of the property. *Brewer v. Commonwealth*, Ky.App., 632 S.W.2d 456 (1982). In this case, Ms. Elswick, the owner of the television gave her opinion that the set was worth more than $100. In addition, Ms. Elswick testified that she had bought the set from her sister for $150 eight months prior to the theft. She also testified that the set was a 19-inch remote control General Electric color portable, which was in good working order. Although Phillips attempted to rebut this testimony by calling witnesses who testified that the set was not working after August 7, there was sufficient descriptive testimony which would enable the jury to reach an informed conclusion that the set was worth more than $100 in value. *Lee v. Commonwealth*, Ky.App., 547 S.W.2d 792 (1977).

As his final argument, Phillips claims that the trial court erred by refusing to declare a mistrial after Verna Slone testified that Phillips had escaped from jail. Prior to trial, Phillips filed notice that he intended to introduce evidence of prior sexual acts between Phillips and Ms. Slone. During direct examination, the Commonwealth questioned Ms. Slone about her previous relationship with Phillips, which had begun while Phillips was an inmate and Ms. Slone was a kitchen worker at the Pike County jail. After determining that the relationship ended around March, 1978, the prosecutor asked Ms. Slone if she had left her job at the jail at about the same time. When Ms. Slone started to explain that she had been fired from her job because Phillips and two other men had escaped from the jail, the prosecutor cut her answer short and did not pursue the matter further. The trial court overruled defense counsel's motion for a mistrial.

■ We cannot agree with appellant's contention that his convictions must be reversed because evidence of another crime, the escape, was introduced into evidence. There is no indication that the prosecutor deliberately elicited this information from Ms. Slone. In fact, the prosecutor stopped her testimony as soon as she mentioned the alleged escape. Where, as here, evidence of other crimes is introduced into evidence through the non-responsive answer of a

witness, this court must look at all of the evidence and determine whether the defendant has been unduly prejudiced by that isolated statement. *Meadows v. Commonwealth*, Ky.App., 551 S.W.2d 253 (1977). We do not believe, in view of all of the evidence presented by the Commonwealth, that Phillips was unduly prejudiced by Ms. Slone's comment about his alleged escape from the Pike County jail.

The judgment of the Pike Circuit Court is affirmed.

All concur except STEPHENS, C.J., who did not sit.