Clifton Edward RILEY, Jr. Appellant,

v.

COMMONWEALTH OF KENTUCKY,
Appellee.

No. 2001–SC–0859–MR.

Supreme Court of Kentucky.

Dec. 19, 2002.

Misty Dugger, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant.

A.B. Chandler, III, Attorney General of Kentucky, Carlton S. Shier, Assistant Attorney General, Office of the Attorney General, Frankfort, Counsel for Appellee.

JOHNSTONE, Justice.

Appellant, Clifton Edward Riley, Jr., was convicted by a McCracken County jury of three counts of first-degree burglary, one count of second-degree burglary, and second-degree persistent felony of-

fender. He received a sentence of twenty years' imprisonment and he appeals to this Court as a matter of right. We affirm.

In early November 2000, a spate of trailer-home burglaries baffled the McCracken County police. But on November 16, the police got a break in the investigation when Jay Massie reported that he interrupted a burglary in progress at his home. Massie was able to identify the perpetrator because he was an acquaintance. Two days later the police arrested Appellant and charged him with the four unsolved burglaries.

At trial, evidence linked Appellant to each of the crimes. In addition to Massie's eyewitness testimony, the three other victims testified that items were stolen from their homes. Several witnesses testified that Appellant sold them used items (e.g., shotgun, microwave, and police scanner) that were later identified as property stolen in each of the burglaries. A lab technician from the Kentucky State Police crime lab testified that forced-entry marks from two of the burglaries could have been caused by screwdrivers found in Appellant's possession. Another lab tech testified that a shoeprint from one of the crime scenes matched the type of shoe worn by Appellant. And finally, three witnesses testified that· they saw Appellant walking away from the Massie home shortly after that burglary occurred. Appellant did not testify in his defense, nor did anyone else; based on the evidence presented, the jury convicted Riley.

On appeal, Riley claims the trial court erred when it failed to inquire whether he was voluntarily waiving his right to testify. Appellant also claims he was entitled to a directed verdict on two counts of first-degree burglary and one count of second-degree burglary because the evidence did not support the convictions. He argues that the evidence only supported convictions for receiving stolen property.

### Waiver of the Right to Testify

Prior to trial, Appellant filed a *pro se* motion to act as co-counsel. At a pretrial hearing, the court questioned Appellant about the motion and Appellant expressed his dissatisfaction with the representation he had received from his attorney, a public defender. After a lengthy discussion, the trial court denied Appellant's motion, but clarified that Appellant had the right to have his attorney ask any proper questions. The court also reminded Riley that he had the right to testify. By the end of the discussion Appellant reluctantly agreed to permit his attorney to continue to represent him. At trial, after the Commonwealth closed its case, defense counsel approached the bench and informed the court that though Appellant had originally planned to testify, he had later changed his mind and no longer wished to testify. The trial judge did not question Appellant about his decision. After the bench conference, the defense closed its case.

On appeal, Riley claims that the trial court was aware of a dispute between himself and his counsel. Thus, he argues, the court should have affirmatively inquired whether Riley was making a knowing and intelligent waiver of his constitutional right to testify. We note that Appellant nowhere claims on appeal that defense counsel misrepresented Riley's position to the trial court. That is, Appellant does not expressly claim that he did, in fact, want to testify when the proper time arose. Consequently, it appears that his argument is a procedural one, not a substantive one: Riley argues that regardless of whether he actually wanted to testify, the trial court erred because it did not inquire of him personally whether he waived his right.

█ The right of a criminal defendant to testify on his own behalf is firmly established. *See* Kentucky Constitution § 11; *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (discussing U.S. constitutional moorings for the right to testify). Only the defendant can waive this right, not counsel. *See Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). A defendant's waiver of the right to testify must be knowing and intelligent. *See Rock, supra.* While courts in some jurisdictions are either required or encouraged to make a formal determination that the defendant has waived this right, "*[m]ost courts ... that have addressed the issue have taken the view that the trial judge has no duty to advise a defendant of the right to testify or to ascertain on the record whether the defendant's waiver of that right is voluntary, knowing, and intentional.*" 72 A.L.R. 5th 403, 418 (1999) (emphasis added). Numerous courts hold that the defendant's silence constitutes a waiver. *See e.g., United States v. Edwards,* 897 F.2d 445 (9th Cir.1990). Indeed, several courts have concluded that the trial court's inquiry is inappropriate because, among other reasons, such inquiry might influence the defendant and affect trial strategy or might cause confusion and delay. *See id; see also Siciliano v. Vose,* 834 F.2d 29, 30 (1st Cir.1987) (inquiry could influence defendant's decision to testify); *Underwood v. Clark,* 939 F.2d 473, 476 (7th Cir.1991) (inquiry could produce confusion or delay). There are no Kentucky cases directly addressing the issue.

Appellant concedes that trial courts typically are not required to inquire, but argues that when the court knows of a conflict between defendant and defense counsel, such an inquiry is required. Appellant extrapolates this notion from language in *United States v. Pennycooke,* 65 F.3d 9, 13 (3d Cir.1995): "Where the trial court has no reason to believe that the defendant's own attorney is frustrating his or her desire to testify, a trial court has no affirmative duty to advise the defendant of the right to testify or to obtain an on-the-record waiver of such right." *Accord United States v. Thompson,* 944 F.2d 1331 (7th Cir.1991). Appellant points to his motion to act as co-counsel and his expressed dissatisfaction with his attorney as an indication of a conflict of which the court was aware. We agree that the trial court was aware of a conflict between Appellant and his counsel but, unfortunately, *Pennycooke* does not support Appellant's claim. That case suggests that a trial court has a duty to question the defendant not merely if the defendant is dissatisfied with the quality of his representation, but if the court has reason to believe the defendant's attorney is "frustrating his desire to testify."

█ Here the trial court was aware only that Appellant was dissatisfied with the representation he received, but the court had no indication that Appellant's attorney frustrated his desire to testify. It is not uncommon for a defendant, who is unfamiliar with the intricacies of the judicial process, to incorrectly perceive that his public defender is not providing him adequate counsel. Nor is it unusual for a defendant, who considers testifying prior to trial, to later change his mind and decide not to testify. In addition, defendants frequently do not testify, especially when, as here, the defendant has a prior felony conviction. What is clear is that Appellant was aware of his right to testify and was capable of advocating on his own behalf, even when he disagreed with counsel—two facts established at the pretrial hearing. Had Appellant wished to assert his right at trial, he was capable of doing so. We hold, in accord with the majority of jurisdictions, that the trial court had no obligation to

inquire of Appellant whether he knowingly and voluntarily waived his right to testify.

## Directed Verdict

■ Appellant next argues that, with the exception of the Massie burglary, the prosecution did not introduce sufficient credible evidence to convict him of the remaining count of second-degree burglary and two counts of first-degree burglary. Riley claims the evidence was sufficient only to prove that he received stolen property. We disagree.

We turn first to the relevant statutes. First-degree burglary is set out in KRS 511.020, which reads in part:

(1) A person is guilty of burglary in the first degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building, and when in effecting entry or while in the building or in the immediate flight therefrom, he or another participant in the crime:

(a) Is armed with ... a deadly weapon;

Second-degree burglary is defined similarly, but that lesser crime does not require the perpetrator to be armed. *See* KRS 511.030.

Next we examine the evidence adduced at trial. Each of the burglary victims testified that items were stolen from inside their homes while they were away from their homes. Handguns were stolen from two of the victims. The police recovered some property stolen from each victim. The property was recovered from people who testified at trial that they purchased it from Appellant. Additional circumstantial evidence was introduced linking Appellant with the crimes.

We discussed similar evidence and charges in *Jackson v. Commonwealth*, Ky., 670 S.W.2d 828, 830 (1984), where we upheld Jackson's burglary convictions. In *Jackson*, we drew the following conclusions:

The possession of stolen property is prima facie evidence of guilt of theft of the property. Where there is a breaking and entering and property taken from a dwelling and the property is found in possession of the accused, such showing makes a submissible case for the jury on a charge of burglary. Because the evidence is sufficient to support a conviction that appellant stole the property which was taken in a break-in, it follows that the evidence supports a jury finding that said appellant committed the burglary in which the property was stolen.

670 S.W.2d at 830 (internal citations omitted). We also reiterated in *Jackson* that "one who steals a deadly weapon during the course of a burglary is armed within the meaning of K.R.S. 511.020." *Id.*

With the exception of the fact that the stolen property in the present case was not found in Appellant's possession, but rather in the possession of people who purchased it from Appellant, the evidence in this case is qualitatively indistinguishable from that in *Jackson*. And, as in *Jackson*, we are satisfied that the Commonwealth has met its burden to prove each element of each crime beyond a reasonable doubt.

Appellant makes additional arguments concerning two *pro se* motions he filed with the trial court. Appellant filed a motion for a new trial, which he labeled a CR 59.01 motion, and a motion to alter, amend, or vacate the judgment (CR 59.05). Though not at all clear from the motions, which merely recite the language from the rules, Appellant claims he filed these motions to protest allegedly ineffective assistance of counsel. The trial court denied the motions without a hearing and without substantive comment. In the absence of sufficient evidence upon which to consider

an ineffective assistance of counsel claim, we decline to entertain same. *See Humphrey v. Commonwealth,* Ky., 962 S.W.2d 870, 872 (1998) ("As a general rule, a claim of ineffective assistance of counsel will not be reviewed on direct appeal from the trial court's judgment, because there is usually no record or trial court ruling on which such a claim can be properly considered.")

For the foregoing reasons, the judgment of the McCracken Circuit Court is affirmed.

All concur.