**James Mark MOSER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–SC–349–MR.**

Supreme Court of Kentucky.

Oct. 18, 1990.

Rehearing Denied Dec. 27, 1990.

Linda K. West, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Ann Louise Cheuvront, R. Levertis Bell, Sr., Asst. Attys. Gen., Frankfort, for appellee.

VANCE, Justice.

The appellant was convicted of third degree burglary, knowingly receiving stolen property valued at more than $100.00, trafficking in a Schedule IV substance, and possession of a Schedule III controlled substance. He was found guilty as a second-degree persistent felony offender, and enhanced sentences of 10 years for the burglary, 10 years for knowingly receiving stolen property, 10 years for trafficking in a Schedule IV controlled substance, and 30 days in jail for possession of a controlled substance were imposed. The 10–year sentence for burglary and the 10–year sentence for trafficking in a Schedule IV con-

trolled substance run consecutively, and the other sentences run concurrently with them, resulting in a sentence of 20 years to serve. The appeal is taken as a matter of right.

No issue is raised with respect to the burglary conviction, but appellant contends that the other three convictions are barred by double jeopardy. The contention is that this was a burglary of a drug store and that burglary requires a breaking and entering with intent to commit a crime; that in this case the crime intended was the theft of the drugs; and that these same drugs were the basis of the possession and trafficking charges. Thus, appellant contends that one sequence of acts cannot constitute four separate crimes.

K.R.S. 505.020 provides:

"(1) When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when:

"(a) One offense is included in the other, as defined in subsection (2); or

"(b) Inconsistent findings of fact are required to establish the commission of the offenses; or

"(c) The offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless the law expressly provides that specific periods of such conduct constitute separate offenses.

"(2) A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

"(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

"(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

"(c) It differs from the offense charged only in respect that a lesser kind of culpability suffices to establish its commission; or

"(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission."

■ The contention of the appellant that the charge of knowingly receiving stolen property is barred by the conviction of burglary was decided adversely to appellant in *Phillips v. Commonwealth*, Ky., 679 S.W.2d 235, 236 (1984). In that case Phillips contended that the intent to commit the theft was an element of burglary, and the receiving stolen property charge must merge with the burglary charge. We stated:

"It is clear that two distinct offenses occurred here. The burglary was completed when Phillips entered the apartment with the intent to commit a crime inside. Even if he had then and there abandoned his activity, he would be guilty of burglary. K.R.S. 511.020–.040. The fact that he stole the television set after he entered the apartment constituted a completely separate offense—theft or receiving stolen property. Based upon the proof available, the Commonwealth chose to prosecute Phillips on the charge of receiving stolen property. This court upheld a similar prosecution for both burglary and receiving stolen property in *Sebastian v. Commonwealth*, Ky., 623 S.W.2d 880 (1981)...."

We regard *Phillips* as controlling authority, and we are not persuaded to extend the holding in *Jones v. Commonwealth*, Ky., 756 S.W.2d 462 (1988) to apply to a conviction for burglary.

■ We affirm the conviction for trafficking in a Schedule IV controlled substance. Although the substance involved was the same substance that was stolen in the burglary, a completely new crime was committed when the appellant asked some girls if they "did drugs" and stated that he had "a bunch of narcotics." That apparent solicitation, together with the quantity of

drugs, are sufficient to sustain the trafficking conviction.

■ We reverse the conviction for possession of a Schedule III controlled substance because it is barred by double jeopardy. The possession of the Schedule III controlled substance was an element of the charge of receiving that substance as stolen property, and there is no additional element which would constitute it to be a separate crime.

The judgment is affirmed on the convictions of burglary, knowingly receiving stolen property of a value of more than $100.00, and trafficking in a controlled substance. The judgment of conviction of possession of a Schedule III controlled substance is reversed.

STEPHENS, C.J., and GANT, LAMBERT and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion in which COMBS, J., joins.

LEIBSON, Justice, dissenting in part.

Respectfully, I dissent.

This is another case where we have sustained convictions for both a burglary committed to perform a theft and the theft which occurred as a result of the burglary. In *Campbell v. Commonwealth*, Ky., 732 S.W.2d 878 (1987), in Dissent, I stated the reasons why multiple convictions of this nature violate the double jeopardy principle:

"It is true that the act of burglary is complete when the criminal enters unlawfully with the intent to commit a crime. However, the act of entering is essentially just a step towards committing the crime that occasioned the entry. Where the crime which was the purpose of the burglary is clearly identified by facts and circumstances, the single criminal intent should not be punished twice. It is only where the burglar commits an additional, gratuitous offense unnecessary to the crime which was the object of the burglary that the state should punish for both offenses. . . .

The statute setting out the crime of 'criminal attempt,' KRS 506.010, presents yet another facet of this complication. In the present case, using the language of the statute, the burglary was 'a substantial step in a course of conduct planned to culminate in commission of the crime.' Under KRS 506.010(1)(b) such constituted a criminal attempt. KRS 506.110, multiple convictions, provides that the prosecution of an attempt to commit an offense bars prosecution for the offense. A burglary premised on an intent to steal is also an attempted theft, and conviction for both burglary and theft violates the principle in KRS 506.110." *Id.* at 882–83.

The fact that here the conviction was not for the theft of the controlled substances, but for knowingly receiving stolen property because of possession occasioned by the theft, makes no significant difference. Consistent reasoning requires application of the double jeopardy principle in either instance. What the Commonwealth has done is carve out "of one act or transaction two or more offenses," in violation of Section 13 of the Kentucky Constitution, and in violation of the limitation on multiple prosecution in KRS 505.020. Burglary, can, of course, be an offense separate and distinct from receiving stolen property, but not where the proof shows the intent of the burglary was to steal property which is then charged as a separate offense.

Although our Court has consistently rejected my position in this matter, relying on the so-called "Blockburger" rule (*Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)), we should be prepared to reexamine our position because of the United States Supreme Court's most recent pronouncements on this subject, found in *Grady v. Corbin*, 495 U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The so-called *Blockburger* rule, to the effect that successive prosecutions for the same criminal act or transaction under two criminal statutes is not double jeopardy so long as each statute requires "proof of a fact which the other does not," is further explained in *Grady,* as follows (495

U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d at 564):

> "Thus, a subsequent prosecution must do more than merely survive the Block-burger test. As we suggested in Vitale [*Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)], the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted."

The essential holding in *Grady* is that the *Blockburger* rule cannot be applied in the abstract. The government cannot subdivide a single criminal transaction into multiple offenses simply because these offenses have different statutory elements.

Thus, I dissent from approving conviction for both burglary and receiving stolen property. However, this reasoning does not extend to the appellant's conviction for trafficking in a Schedule IV substance. I agree with the holding in the Majority Opinion:

> "[A] completely new crime was committed when the appellant asked some girls if they 'did drugs' and stated that he had 'a bunch of narcotics.' That apparent solicitation, together with the quantity of drugs, are sufficient to sustain the trafficking conviction."

Because of these additional circumstances, it is a separate offense.

COMBS, J., joins this dissent.