ON RETURN TO REMAND

TAYLOR, Presiding Judge.
The appellant, Roger Elton Arnold, Sr., was convicted of attempted murder, a violation of §§ 13A-6-4 and 13A-4-2, Code of Alabama 1975, and burglary in the second degree, a violation of § 13A-7-6, Code of Alabama 1975. He was sentenced to life in the penitentiary for the attempted murder conviction and to 20 years in the penitentiary for the burglary conviction. Both sentences were to be served concurrently. We remanded this case so that the court could conduct a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), hearing. Arnold v. State, 668 So.2d 109 (Ala.Cr.App. 1995). We further directed the court not to rely solely on the percentage composition of the jury when determining whether a prima facie case of gender discrimination existed. This practice of relying solely on percentages as to the racial composition of the jury was condemned by the Alabama Supreme Court in Ex parte Thomas, 659 So.2d 3 (Ala.1994).
The trial court has filed the following order on return to remand:
“The defendant contends the State used 4 of 6 strikes to strike potential jurors and such fact, in and of itself, demonstrates a prima facie showing of discriminatory intent. When asked what other ‘relevant circumstances’ might demonstrate discriminatory intent, defendant’s trial counsel and sole witness at the hearing responded that he could not remember any other relevant circumstances that might demonstrate such intent. The witness was allowed to review the transcript of the voir dire proceedings but was unable to articulate any other relevant circumstances that might reveal a discriminatory intent on the part of the State in striking this jury.
“Further, on cross-examination, said witness candidly admitted that responses given to voir dire questions posed by the State were responses he himself, as a trial attorney, would have considered in determining whether to strike the potential jurors in light of the defense(s) raised by the defendant at trial. Most telling, said witness also candidly admitted that Batson motions have provided ‘fertile ground’ for appeal.
“The Court having considered the complete testimony of the witness and the exhibits introduced at the hearing by the defendant, and having considered all of the factors enunciated in Branch, the Court DENIES the Batson motion and specifically finds there has been no prima facie showing of discriminatory intent on the part of the State in the selection of the trial jury. Insley v. State, 600 So.2d 448 (Ala. Cr.App.1992).”
The court’s order reflects that in determining whether the defense had established a prima facie case of discrimination, the court considered more than the composition of the jury. A trial court’s ruling on a Batson motion is entitled to great deference on appeal, Batson, 476 U.S. at 98 fn. 21, 106 S.Ct. at 1724 fn. 21, 90 L.Ed.2d at 89, and will be reversed only if the ruling is “clearly erroneous.” Ex parte Lynn, 543 So.2d 709 (Ala.1988). The trial court’s ruling was not “clearly erroneous.”
The appellant also contends on appeal that he could not lawfully be convicted of both attempted murder and burglary because the two offenses were part of one continuous act. He contends that his conviction for one of the offenses bars his conviction for the other offense, under principles of double jeopardy.
To be convicted of attempted murder, an accused must have the intent to cause the death of another person and must do some overt act towards the commission of the offense of murder. § 13A-6-2 and 13A-4-2, Code of Alabama 1975. To be guilty of burglary in the second degree, an accused must “unlawfully enters a lawfully occupied dwelling-house with intent to commit a theft or a felony therein.” § 13A-7-6(b).
Attempted murder and burglary are two distinct crimes. Each requires proof that the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Burglary is a crime against *113 property. Attempted murder is a crime against the person. Cf. Biggs v. State, 346 So.2d 467 (Ala.Cr.App.1976).
Furthermore, the cases cited by the appellant deal with the court’s imposition of consecutive sentences for offenses arising out of the same transaction. Here, the court ordered that the appellant was to serve concurrent sentences.
For the foregoing reasons, the judgment in this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.