**Gregory CROWDER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1998–CA–002102–MR.

Court of Appeals of Kentucky.

Dec. 10, 1999.

Discretionary Review Denied by Supreme Court Aug. 16, 2000.

Michael C. Lemke, Louisville, for appellant.

A.B. Chandler, III, Attorney General, Matthew Nelson, Assistant Attorney General, Frankfort, for appellee.

BEFORE: GUDGEL, Chief Judge; BUCKINGHAM and JOHNSON, Judges.

*OPINION*

JOHNSON, Judge.

Gregory Crowder has appealed from the judgment of the McCracken Circuit Court finding him guilty on various charges arising from his operation of a motor vehicle, his failure to stop the vehicle when pursued by a police officer, and his eventual arrest by that officer. Specifically, Crowder argues that his conviction for possession of a firearm by a convicted felon and for receiving stolen property (the same firearm used to establish his guilt on the possession charge), violate his constitutional protections against being placed in double jeopardy. We find no merit to Crowder's contentions in this regard and affirm.

The events which led to Crowder's arrest and indictment occurred on October 21, 1997, in Paducah, Kentucky. Officer Lawrence Acree of the Paducah Police Department testified that he observed Crowder driving an automobile which did not have a license plate. Officer Acree attempted to pull Crowder over, but lost sight of his vehicle. Officer Acree later spotted the vehicle and pursued Crowder while operating his emergency equipment, that is, both his lights and siren. Crowder did not immediately stop, but continued driving for three or four blocks. The officer testified that Crowder drove erratically and caused others to take evasive action. When Crowder finally stopped, he started to flee on foot. Crowder had not gone far, with Officer Acree in pursuit, before he turned around and pointed a 9 mm Ruger semi-automatic handgun at the officer. Officer Acree was able to knock the weapon out of Crowder's hand, and knock him to the ground where he was handcuffed and placed under arrest. Officers later discovered that the handgun had been re-

ported stolen by its owner on the previous day.

On November 14, 1997, Crowder was indicted on the following charges: receiving stolen property (the firearm) in violation of Kentucky Revised Statutes (KRS) 514.110; possession of a firearm by a convicted felon, KRS 527.040; reckless driving, KRS 189.290; attempting to elude, KRS 189.393; operating a motor vehicle on a suspended license, KRS 186.620(2); and, first-degree wanton endangerment, KRS 508.060. Crowder waived his right to a jury trial and was tried by the court on June 9, 1998.

Crowder's version of the events which led to his arrest varied somewhat from Officer Acree's testimony. Crowder, who stated that he had recently moved to Paducah to avoid the violence he experienced daily while living in East St. Louis, Missouri, testified that although he observed Officer Acree with his lights on, he did not realize that the officer wanted him to stop. He stated that he was certain the police officer did not have his siren on and that he believed the officer merely wanted him to get out of the way. He denied driving recklessly and he denied that he attempted to run from the officer after he exited his vehicle. Crowder told the court that he had just recently had numerous staples taken out of his body due to a gun shot wound to the back and, for that reason, was physically unable to run. Finally, Crowder denied that he had possessed the handgun, or that he pointed the firearm at the officer. Crowder claimed that the gun was lying on the ground near a building in the public housing area where he was pulled over and that the weapon was discovered by officers during his arrest.

The trial court found Crowder guilty on all the charges contained in the indictment with the exception of operating a vehicle on a suspended license. Crowder was sentenced to serve five years in prison on each of the three felony convictions, and 12 months for attempting to elude, all to run concurrently for a total of five years. He received a suspended fine of $50 for reckless driving.

Crowder argues in his appeal that his convictions for possession of a firearm by a convicted felon and receiving stolen property violate the provisions of the United States and Kentucky Constitutions that provide that no person shall "be twice put in jeopardy of life or limb" for the same offense.[1] He contends that only a single act of possessing the handgun was used to establish his guilt on both charges of receiving stolen property and possession of a firearm by a convicted felon. We disagree.

As the appellant correctly states, our Supreme Court has re-adopted the "same elements" test contained in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), for analyzing double jeopardy claims.[2] Under the *Blockburger* test, the Court is required "to determine whether the act or transaction complained of constitutes a violation of two distinct statutes and, if it does, if each statute requires proof of a fact the other does not.... Put differently, is one offense included within another?" [3][4] A review of the

**1.** *See* U.S. Const.Amend. V and Ky. Const. § 13.

**2.** *Commonwealth v. Burge*, Ky., 947 S.W.2d 805, 811 (1997).

**3.** *Id.* at 811 (citing *Eldred v. Commonwealth*, Ky., 906 S.W.2d 694 (1995)).

**4.** As our Supreme Court noted in *Ingram v. Commonwealth*, Ky., 801 S.W.2d 321, 322 (1990), *overruled by Commonwealth v. Burge*, *supra:*

This test, which has been codified in Kentucky,[5] is essentially whether either offense is included in the other.

5. "(1) when a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when:

(a) One offense is included in the other...." KRS 505.020.

An offense is included when it is "established by proof of the same or less than all the

statutory elements for receiving stolen property and possession of a firearm by a convicted felon clearly indicates that Crowder was not subjected to double jeopardy.

At KRS 514.110 the definition for the offense of receiving stolen property provides:

(1) A person is guilty of receiving stolen property when he receives, retains, or disposes of movable property of another knowing that it has been stolen, unless the property is received, retained, or disposed of with intent to restore it to the owner.

(2) The possession by any person of any recently stolen movable property shall be prima facie evidence that such person knew such property was stolen.

(3) Receiving stolen property is a Class A misdemeanor unless the value of the property is three hundred dollars ($300) or more, or unless the property is a firearm (regardless of the value of the firearm), in which case it is a Class D felony.

The definition for possession of a firearm by a convicted felon at KRS 527.040 provides:

(1) A person is guilty of possession of a firearm by a convicted felon when he possesses, manufactures, or transports a firearm when he has been convicted of a felony, as defined by the laws of the jurisdiction in which he was convicted, in any state or federal court and has not:

(a) Been granted a full pardon by the Governor or by the President of the United States:

(b) Been granted relief by the United States Secretary of the Treasury pursuant to the Federal Gun Control Act of 1968, as amended.

It is evident that Crowder's possession of the stolen firearm violated both statutes. Moreover, it is clear that each statute requires proof of a unique fact to establish guilt that the other statute does not require. KRS 514.110 requires proof that the property, (the firearm), was stolen by *any* person and not just a felon; whereas, violation of KRS 527.040 occurs merely when a convicted felon possesses *any* firearm.

Crowder argues that *Moser v. Commonwealth,* Ky., 799 S.W.2d 21 (1990), compels the determination that the constitutional prohibitions against double jeopardy have been violated. In that case the Court held that the defendant, who had been convicted of receiving stolen property (Schedule III controlled substance) could not also be convicted of possession of the same controlled substance without a violation of the double jeopardy protections. "The possession of the Schedule III controlled substance was an element of the charge of receiving that substance as stolen property, and there is no additional element which would constitute it to be a separate crime." [5] Crowder insists that the *Moser* decision "stands for the proposition that a conviction for possession of stolen property precludes a conviction for another offense arising from possession of that same property." The fallacy with this argument is that the possession conviction in *Moser* was not dependent upon Moser having the status as a convicted felon. In the case *sub judice,* Crowder's status as a convicted felon is the "additional element" which meets the *Blockburger* test.[6]

Accordingly, the judgment of the McCracken Circuit Court is affirmed.

All concur.

---

facts required to establish the commission of the offense charged. . . ." KRS 505.020(2)(a).

**5.** *Id.* 799 S.W.2d at 23.

**6.** *See also Boulder v. Commonwealth,* Ky., 610 S.W.2d 615 (1980) (conviction for possession of a handgun by a convicted felon not barred by double jeopardy where defendant was also convicted of assault committed by shooting the victim with the same handgun).