WINDOM, Judge,
concurring in part and dissenting in part.
I agree with the majority’s holding that the State presented sufficient evidence to sustain Chapman’s conviction for third-degree burglary, a violation of § 13A-7-7, Ala.Code 1975. For the reasons that follow, however, I disagree with the majority’s holding that Chapman’s convictions for third-degree burglary, a violation of *1129 § 13A-7-7, Ala.Code 1975, and attempted criminal surveillance, violations of §§ 13A-4-2 and 18A-11-32, Ala.Code 1975, violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. I also disagree with the majority’s holding that these two convictions violate the merger principle codified in § 13A-4-5, Ala. Code 1975.
The facts relevant to the disposition of these issues are as follows. In 2004, Chapman lived in the Robertsdale Village Apartments next door to Sarah and Josh Bodle. The apartments in the building had two stories and an attic. The attics between apartments were separated by a firewall.
In late March of 2004, Chapman went into the attic of his apartment, removed some of the wall separating his attic from the Bodies’ attic, and entered the Bodies’ attic. Once inside the Bodies’ attic, Chapman went to the areas above the Bodies’ bedroom and bathroom. Chapman then removed the air conditioner ductwork which connected the bedroom and bathroom air conditioner vents to the air conditioner in order to enable him to see the Bodies through the air conditioner vent holes.
Based on these facts, Chapman was convicted of third-degree burglary, a violation of § 13A-7-7, Ala.Code 1975, and attempted criminal surveillance, violations of §§ 13A-4-2 and 13A-11-32.
I.
The majority holds that Chapman’s convictions for third-degree burglary and attempted criminal surveillance violate the Double Jeopardy Clause of the Fifth Amendment, contending that these two crimes required the same proof to establish the same elements. I respectfully disagree. “A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” § 13A-7-7, Ala.Code 1975. “A person commits the crime of criminal surveillance if he intentionally engages in surveillance while trespassing in a private place.” § 13A-11-32(a), Ala.Code 1975.[3] Section 13A-7-4(a), Ala.Code 1975, provides: “A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.”
“Section 13A-4-2(a), Ala.Code 1975, states: ‘A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.’ ” J.F.C. v. City of Daphne, 844 So.2d 608, 609 (Ala.Crim.App.2002). An overt act is “something done that directly moves towards the crime, and brings the accused nearer to its commission .... ” Skinner v. State, 843 So.2d 820, 825 (Ala. Crim.App.2002) (citations omitted).
The Supreme Court of the United States has held that the Double Jeopardy Clause of the Fifth Amendment contains three protections: “It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after *1130 conviction. And it protects against multiple punishments for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 28 L.Ed.2d 656 (1969)(overruled on different grounds). See Schiro v. Farley, 510 U.S. 222, 229, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994) (reaffirming the three protections of the Double Jeopardy Clause). “These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense.” Schiro, 510 U.S. at 229 (citing United States v. Wilson, 420 U.S. 332, 339, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975)). The Alabama Supreme Court has held that the Double Jeopardy Clause of Art. I. § 9 Alabama Constitution 1901, applies to protect only those three areas enumerated in Pearce. See Ex parte Wright, 477 So.2d 492, 493 (Ala.1985); Adams v. State, 955 So.2d 1037, 1098 (Ala.Crim.App.2003), overruled on other grounds, 955 So.2d 1106 (Ala.2005) (holding that Adams, who was 17 years old at the time of the offense, is not eligible for a sentence of death).
In Blockburger v. United States, the Supreme Court of the United States established the “same elements” test for determining whether two charges constitute the “same offenses” in violation of the Double Jeopardy Clause of the Fifth Amendment. 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under the Blockburger test, “where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.” Id. (emphasis added). This court has held that “[t]he constitutional provision that no one shall be put in jeopardy twice for the same offense is broad enough to mean that no one can lawfully be punished twice for different offenses growing out of the same state of facts.” McClellan v. State, 484 So.2d 1150, 1155 (Ala.Crim.App.1985).
“The Blockburger test is implicated only ‘where the same act or transaction constitutes a violation of two distinct statutory provisions.’” United States v. Schales, 546 F.3d 965, 978 (9th Cir.2008) (quoting Blockburger, 284 U.S. at 304). Thus, the starting point under Blockburger's same-elements test is to determine whether the defendant’s two convictions were based on the “same act or transaction.” Blockburger, 284 U.S. at 304. See People v. Pressley, 160 Ill.App.3d 858, 112 Ill.Dec. 312, 513 N.E.2d 921, 927 (1987) (holding that multiple convictions based on different acts do not violate the Double Jeopardy Clause). Where separate acts or distinct facts establish two crimes, the Double Jeopardy Clause is not implicated. Cf. Duffy v. State, 789 P.2d 821, 831 (Wyo. 1990) (holding that the defendant’s convictions for armed robbery and conspiracy to commit burglary did not violate double-jeopardy principles because the armed robbery occurred after the conspiracy was completed, i.e., “separate convictions could be sustained on the basis of a finding that separate evidence supported each charge”).
In this case, Chapman’s convictions for third-degree burglary and attempted criminal surveillance do not violate the Double Jeopardy Clause because these two convictions were based on separate acts and because “separate evidence supported each charge.” Duffy, 789 P.2d at 831.
The State’s evidence established that Chapman removed the firewall separating the attic of his apartment and the attic of the Bodies’ apartment and entered the Bodies’ apartment with the intent to commit criminal surveillance. At that point, the crime of third-degree burglary was complete. See § 13A-7-7, Ala.Code 1975 *1131 (“A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.”).
The State also presented evidence establishing that after the burglary was complete, Chapman committed additional acts in furtherance of the crime of criminal surveillance. Specifically, Chapman walked across the Bodies’ attic and removed the air-conditioner ductwork from the air-conditioner vents to enable him to see into the Bodies’ bedroom and bathroom. The acts of removing the ductwork from two vents occurred after the burglary was complete and establish the overt-act element of attempted criminal surveillance.
Accordingly, the overt act necessary to establish the crime of attempted criminal surveillance was a separate act from the completed burglary and was proved by evidence separate and distinct from the evidence establishing the burglary. See Yparrea v. Dorsey, 64 F.3d 577, 580 (10th Cir.1995) (holding that a defendant’s double-jeopardy rights are not violated in a prosecution for burglary and larceny because, once the defendant entered the building with the intent to commit a crime, the burglary was complete; thus, the larceny occurred after the burglary had been completed and was established by separate facts); Moser v. Com., 799 S.W.2d 21, 22 (Ky.1990) (holding that convictions for burglary and criminal acts perpetrated after the burglary was complete stem from different acts and do not violate double-jeopardy principles). Because the facts establishing the overt act necessary to convict Chapman of attempted criminal surveillance were separate from and occurred after the acts establishing the third-degree burglary, Chapman’s convictions for attempted criminal surveillance and third-degree burglary do not violate the Double Jeopardy Clause of the Fifth Amendment.
The Double Jeopardy Clause does not bar prosecution of burglary and an attempted crime when the overt act supporting the attempted crime is established by acts that occurred after the burglary had been completed and, thus, are separate from the acts establishing the burglary. Cf. Arnold, v. State, 668 So.2d 111, 112-113 (Ala.Crim.App.1995) (holding that convictions for burglary and attempted murder do not violate double-jeopardy principles). Accordingly, I respectfully dissent.
II.
The majority also holds that Chapman’s convictions for third-degree burglary and attempted criminal surveillance violate the merger doctrine codified in § 13A-4-5(b), Ala.Code 1975. Specifically, the majority holds that “ § 13A-4-5(b), Ala.Code 1975, provides that a defendant may not be convicted of both the actual commission of an offense and of an attempt to commit the offense when those convictions are based on the same course of conduct. Analogously, Chapman cannot be convicted of the completed crime of third-degree burglary and of attempted criminal surveillance when those crimes are based on the same course of conduct and require proof of the same elements.” 64 So.3d at 1128. I respectfully disagree.
Section 13A-4-5(b)(1), Ala.Code 1975, states, in pertinent part: “A person may not be convicted on the basis of the same course of conduct of both the actual commission of an offense and ... [a]n attempt to commit the offense.” The commentary to § 13A-4-5(b), Ala.Code 1975, explains: “Subsection (b) merges the inchoate crime into the conviction for the substantive crime to the extent that it bars a double conviction for both the substantive crime and an attempt .... ” Commentary, § 13A-4-5(b), Ala.Code 1975.
*1132 Section 13A-4-5(b), Ala.Code 1975, establishes that an inchoate offense merges with the completed underlying substantive offense that forms the basis for that inchoate offense. See Williams v. State, 830 So.2d 45, 48 (Ala.Crim.App.2001) (emphasis added) (stating “[s]ection 13A-4-5(b)(3) merges the inchoate offense into the conviction for the substantive offense to the extent that it bans a double conviction for both the substantive offense and a conspiracy to commit that offense”). In other words, § 13A-4-5(b)(2), Ala.Code 1975, bars prosecution for an inchoate offense such as an attempted offense and a completed offense only when the offense the defendant attempts to complete is the same as the completed offense. For instance, in Perkins v. State, this court held that § 13A-4-5(b)(3), Ala.Code 1975, bars prosecution for the inchoate offense of conspiracy to commit theft and the completed offense of theft based on the same facts. 715 So.2d 888, 892 (Ala.Crim.App.1997). Section 13A-4-5(b), Ala.Code 1975, does not, however, bar prosecution of an inchoate offense (an attempted or intended offense) and a completed offense when the two offenses are not the same.
In the present case, Chapman was convicted of attempted criminal surveillance and of burglary. The substantive offense that formed the basis of the attempt conviction is criminal surveillance, and the completed offense is burglary. Therefore, the court must determine whether the substantive offense of criminal surveillance and burglary are the same offense. If these two offenses are the same, then the merger doctrine contained in § 13A-4-5(b), Ala.Code 1975, applies. If these two offenses are not the same, then § 13A-4-5(b) does not apply.
To determine whether criminal surveillance and burglary are the same offense, we apply the familiar Blockbwrger test which establishes that “where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.” Id. (emphasis added). “A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” § 13A-7-7, Ala.Code 1975 (emphasis added). “A person commits the crime of criminal surveillance if he intentionally engages in surveillance while trespassing in a private place.” § 13A-11-32(a), Ala. Code 1975. Applying Blockbwrger ⅛ same-elements test, these two offenses are not the same. Burglary requires the State to prove that the defendant entered or remained unlawfully in a building. § 13A-7-7, Ala.Code 1975. Criminal surveillance does not require that the defendant enter or remain in a building; instead, it requires the defendant enter or remain on premises. §§ 13A-ll-32(a), 13A-7-4(a), Ala.Code 1975. Criminal surveillance requires the State to prove a surveillance element that burglary does not contain. Accordingly, these two offenses are not the same, and the merger doctrine codified in § 13A-4-5(b), Ala.Code 1975, does not apply-
Under the majority’s holding, an attempt crime would merge with a separate and unrelated completed crime. I do not believe that § 13A-4-5(b), Ala.Code 1975, operates to bar prosecutions of an inchoate offense and a completed offense that does not form the basis of the inchoate offense. Accordingly, the majority incorrectly holds that § 13A-4-5(b), Ala.Code 1975, applies to a prosecution for attempted criminal surveillance and burglary.
Based on my analysis of the Fifth Amendment and the merger doctrine codi- *1133 Red in § 13A-4-5(b), Ala.Code 1975, I believe that the majority incorrectly holds that Chapman’s conviction for attempted criminal surveillance must be reversed. Therefore, I respectfully dissent.

. The majority states that "a person is guilty of trespassing if he knowingly enters or unlawfully remains in a building." 64 So.3d at 1127 (emphasis added). Although it is correct that a person is guilty of criminal trespass if that person unlawfully enters a building, criminal trespassing does not require the defendant to enter into a building; instead, it requires only that the defendant unlawfully enter a premises. § 13A-11-32(a), Ala.Code 1975; § 13A-7-4(a), Ala.Code 1975, ("A person is guilty of criminal trespassing in the third degree when he knowingly enters or remains unlawfully in or upon premises." (emphasis added)).